KATHARINE S. LECHLEITER, DOING BUSINESS AS THE BUILDERS SUPPLY
COMPANY

*v.*

STATE OF ILLINOIS.

*Opinion filed December 11, 1916.*

LICENSE FEES—*when refund will be awarded.* Where a license fee to
incorporate has been paid to the Secretary of State, and it is determined by
the Secretary that the name of the proposed corporation is not available
and the incorporators decline to adopt another name and proceed further,
the fee should ·be refunded.

Michael F. Gallagher, for Claimant.

P. J. Lucey, Attorney General, for State.

The claimant in this case had been conducting her business in
Chicago, Illinois, under the name of the "Builders Supply Company,"
and desiring her business incorporated under the above name, on No-
vember 10, 1913, sent her check for fifty-five ($55) dollars to the
Secretary of State, with instructions to forward to her the necessary
incorporation papers. She was informed by the Secretary of State that
the name "Builders Supply Company" was not available, but that she
might select some other name. She was also advised that the fifty-five
($55) dollars was placed to her credit.

Claimant not desiring to use any other name wrote to the Secretary
of State informing him to this effect and requested him to return the
said fifty-five ($55) dollars, which she had advanced. She was after-
ward informed that this amount could not be returned as the same had
been paid to the State Treasurer. This claim is filed to recover the
fifty-five ($55) dollars paid to the Secretary of State.

When claimant forwarded the money in question to the Secretary
of State with instructions for certain corporate papers she was informed
by him that the same could not be issued, and under the circumstances
it occurs to us that she is entitled to a refund of the money advanced
by her.

This case differs from those cases in which a license has been
granted, but where the parties afterward refuse to complete the or-
ganization. In this case the State did not comply with her request and
there is no good reason why the State should retain the money advanced
by claimant.

We are of the opinion that claimant is entitled to relief in this
case, and we therefore award her the sum of fifty-five ($55) dollars.